SUMMONS ISSUED

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 1 0 2012 ★

BROOKLYN OFFICE

Bennett D. Krasner, Esq. (bk 8375)
1233 Beech Street #49
Atlantic Beach, New York 11509
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

CV12- 119

GER...

YES, M.J

---

STARK CARPET CORP.,                    )
                                       )
                    Plaintiff,         )      Civil Action No.
                                       )
v.                                     )
                                       )
STARK CARPET & FLOORING                )      (Jury Trial Demanded)
INSTALLATIONS, CORP. and               )
ROXANA VALENZUELA,                     )
                                       )
                    Defendants.        )
_____)

### COMPLAINT

Plaintiff, STARK CARPET CORP., (herein, "Stark"), complaining of Defendants,

STARK CARPET & FLOORING INSTALLATIONS, CORP. (herein, "Stark Installations"), and

ROXANA VALENZUELA (herein, "Valenzuela"), (also, herein, collectively, "Defendants"),

respectfully alleges upon information and belief as follows:

### NATURE OF ACTION

This is an action for service mark and trademark infringement and unfair competition

under the Trademark Act of 1946, as amended (The Lanham Act, 15 U.S.C. §1051 et seq.), and

related causes of action under the laws of the State of New York arising from the use by

Defendants of the names and trademark and service marks "**STARK**" and "**STARK CARPET**"

(herein, "**THE MARKS**") in violation of Plaintiff's rights in its famous STARK family of

registered and common law trade names including, but not limited to, "STARK", "STARK

CARPET CORP.", "STARK PAINT" and "STARK FABRIC", as hereinafter more fully appears.

## JURISDICTION AND VENUE

This Court has jurisdiction under 28 USC §§1331, 1338 (a), and 1338 (b) in that this action is based upon infringement of registered trade and service marks. Venue in this judicial district is proper under 28 USC §§1391 ( b ) (1) and (c) in that this is the judicial district in which the Defendants reside.

## PARTIES

1. Plaintiff, Stark, is a New York corporation having its principal place of business at 979 Third Avenue, in the City, County and State of New York.

2. Upon information and belief, Defendant, Stark Installations, is a New York corporation having a place of business at 53-37 96th Street, 1st Floor, Corona, in the County of Queens, City and State of New York.

3. Upon information and belief, Defendant, Roxana Valenzuela, is an individual having an address at 53-37 96th Street, 1st Floor, Corona, in the County of Queens, City and State of New York.

4. Upon information and belief, Defendant, Roxana Valenzuela, at all relevant times herein, was a principal officer, shareholder and/or director of and acted as agent for Defendant, Stark Installations, and also for her own personal gain.

5. Upon information and belief, Defendant, Roxana Valenzuela, is the President or otherwise the chief executive or operating officer of Defendant, Stark Installations. Plaintiff is informed and verily believes that Defendant, Roxana Valenzeula, has the power and authority to direct the actions of Defendant, Stark Installations, and has a direct financial interest in the trademark and service mark infringements described in this Complaint.

Page -2-

**BACKGROUND**

6. Plaintiff, Stark, is a New York corporation formed August 23, 1946, nearly 65 years ago. The name, "Stark", represents the family name of Plaintiff's founders, Arthur and Nadia Stark. Since its founding nearly 65 years ago, Stark has built a world wide reputation as a wholesaler and, more recently, retail distributor, of high end home and commercial interior design products and services including, but not limited to, most notably, carpets, rugs and other fine floor coverings, fabric, wall coverings, furniture and paint. The name "Stark" in the design industry has become synonymous with extremely high end interior design products and services.

7. Plaintiff's Executive Office and Main Showroom are located on the 10th and 11th floors of the world renowned Designers' & Decorators' Building (the "D & D Building") located at 979 Third Avenue, in the City, County and State of New York; however, Plaintiff maintains showrooms and showroom space throughout the world. On any given day the elevators to the Stark floors of the building are traveled by many of the world's most well known design professionals. Plaintiff's résumé of prestigious projects, (including, notably, *The White House* including *The Oval Office*), is impressive and indicative of the renown of its name in the design industry.

8. For over 60 years Plaintiff has promoted the Stark name so that today it is synonymous with the impression of elegance, luxury and high end design products and services, and, in particular, carpets, rugs and floor coverings. Plaintiff regularly advertises in such prestigious publications as *ARCHITECTURAL DIGEST, HOUSE & GARDEN (U.S. & U.K.); VERANDA; ELLE DECOR; VOGUE LIVING; INTERIOR DESIGN; DEPARTURES; NEW YORK MAGAZINE; WORLD OF INTERIORS; HOSPITALITY DESIGN; D-HOME; THE NEW YORK*

*TIMES*, etc., to name but a few.

9. Plaintiff owns and promotes a family of marks, all of which are well known in the

design industry and all of which are synonymous with high end luxury design products,

including, but not limited to, the following which are registered with the United States Patent and

Trademark Office:

| Mark | Registration Number | Registration Date |
|------|---------------------|-------------------|
| STARK | 3774518 | 04/13/2010 |

(IC 027 for *Carpets, Rugs, Broadloom Carpeting and Floor Coverings*, and in IC 042 for *Designing Carpets, Rugs, Broadloom Carpeting and Floor Coverings upon the request of others*.)

| STARK (slightly stylized) | 1133747 | 04/22/1980 |
|---|---|---|

(IC 027 for *Carpets, Rugs and Floor Coverings* and in IC 042 for *Designing Carpets, Rugs and Floor Coverings upon the request of others*.)

| STARK | 2379891 | 08/22/2000 |
|---|---|---|

(IC 027 for *Wall coverings, namely, vinyl wall coverings, plastic wall coverings, wallpaper, and textile wall coverings in the nature of wallpaper*.)

| STARK | 1987611 | 07/16/1996 |
|---|---|---|

(IC 020 for *Furniture*)

| STARK CARPET CORP. | 1144331 | 12/23/1980 |
|---|---|---|

(IC 027 for *Carpets, Rugs and Floor Coverings* and in IC 042 for *Designing Carpets, Rugs and Floor Coverings upon the request of others*.)

| STARK PAINT | 3723254 | 12/08/2009 |
|---|---|---|

(IC 002 for *Interior and exterior paints, paint primers and coatings in the nature of paint*.)

| STARK FABRIC | 3479040 | 08/05/2008 |
|---|---|---|

(IC 024 for *Textile fabrics for use in connection with home and commercial interior decorating sold only to and through design professionals through authorized showrooms*.)

| STARK STUDIO | 4041685 | 10/18/2011 |
|---|---|---|

(IC 024 for *Textile fabrics for use in connection with home and commercial interior decorating* and in IC 027 for *Floor coverings and wall coverings, namely, area rugs, carpets, carpeting, broadloom carpeting, rugs, floor mats, floor mats for vehicles, and wall paper, wall coverings of*

textile, wall coverings of plastic, wall coverings of cork, wall coverings of paper, textile lined wallpapers, plastic wall coverings, cloth wall coverings, non-textile wall hangings and non-textile wall coverings.)

STARK HOME         4042097              10/18/2011
(IC 035 for *Retail store services and wholesale distributorship services featuring floor coverings, textile fabrics, wall coverings, home furnishings, paints and other interior design products*.)

10. All of the above registrations are valid and subsisting and remain in full force and effect as evidence of the validity thereof and Plaintiff's exclusive right to own and use the marks in connection with the goods and services specified in the registrations.

11. As a result of the foregoing, members of the design industry and of the consuming public have come to recognize any trademark or service mark containing the word "STARK" when used in connection with interior home and commercial decorating products and services and, in particular, including, but not limited to, carpets, rugs, broadloom carpeting and other floor coverings and related services, as designating goods and services of the highest quality originating exclusively from Plaintiff.

12. Defendants are knowingly using the trade names, "Stark Carpet" and "Stark Carpet & Flooring Installations" which infringe upon and violate the rights of Plaintiff in THE MARKS.

13. Upon information and belief, Defendants first adopted and used the name and mark STARK when Defendant, Valenzuela, formed Defendant corporation, Stark Carpet & Flooring Installations, Corp.

14. Upon information and belief, Defendants adopted the name and mark "STARK" with full knowledge of Plaintiff's ownership of THE MARKS as well as other marks in Plaintiff's family of "STARK" marks and with the intention of trading off in the goodwill built up by Plaintiffs therein.

15. In order to guarantee the quality of Plaintiff's products, they are delivered and installed by highly qualified and trained professionals who either work for or are approved by Plaintiff.

16. Plaintiff has no control over the nature and quality of the services provided by Defendants under the names and marks "STARK" and "STARK CARPET" and because of the confusion as to the relationship of Defendants and Plaintiff, Plaintiff's goodwill in respect to the aforesaid names and marks will suffer and is at the mercy of Defendants.

17. Plaintiff's goodwill in THE MARKS is of enormous value, and Plaintiff has suffered and will continue to suffer irreparable harm should infringement be allowed to continue to the detriment of its trade reputation and goodwill.

18. Upon information and belief, Defendants are providing Defendants' carpet and installation services through similar channels of trade and to similar classes of consumers of Plaintiff and Plaintiff and Defendants are in competition with respect to those services.

19. Defendants' use of the words "Stark Carpet" is likely to cause confusion, mistake or deception as to the source or origin of Defendants' services in that the public and others are likely to believe that Defendants are sponsored and/or approved and/or authorized by and/or affiliated with or in some other way legitimately connected to Plaintiff, all to Plaintiff's irreparable harm.

## COUNT I

### Infringement of Plaintiff's Federally Registered Marks

20. Plaintiff repeats and realleges the allegations contained in ¶¶1 through and including 19 as if fully set forth at length herein.

21. Upon information and belief, Defendants, by their above enumerated acts, have willfully and knowingly violated and infringed and threaten to further infringe the rights of Plaintiff in its federally registered STARK family of marks in violation of §32 of The Lanham Act (15 USC §1114) with the intention of deceiving and misleading the interior design industry and the consuming public at large, and of wrongfully trading on Plaintiff's goodwill and reputation.

22. Upon information and belief, by their tortious acts, Defendants have caused, and unless restrained by the Court, will continue to cause serious and irreparable injury and damage to Plaintiffs and to the goodwill associated with Plaintiff's registered marks.

23. Plaintiffs have no adequate remedy at law.

## COUNT II

### False Designation of Origin Under §43 (a) of The Lanham Act

24. Plaintiff repeats and realleges the allegations contained in ¶¶1 through and including 23 as if fully set forth at length herein.

25. This Count is for false designation of origin and unfair competition pursuant to §43 (a) of the Lanham Act, 15 U.S.C. §1125 (a) with respect to Defendants' unauthorized use of THE MARKS.

26. As set forth herein above, Defendants have violated 15 U.S.C. §1125 (a) by continuing to use in commerce in connection with their carpet and flooring installation business, a false designation of origin, namely, the trade names and marks "STARK" and "STARK CARPET", without Plaintiff's authorization and with the intent of passing off and confusing the public into believing that Defendants' services are provided and/or sponsored and/or approved by

Page -7-

Plaintiff and that Defendants are affiliated with or in some other way legitimately connected to Plaintiff, all to Plaintiff's irreparable harm.

27. Defendants' use of the trade names and marks "STARK" and "STARK CARPET" constitutes a false designation of origin which is likely to deceive and has deceived the consuming public into believing that Defendants' services are provided and/or sponsored and/or approved by Plaintiff and that Defendants are affiliated with or in some other way legitimately connected to Plaintiff.

28. Plaintiff has no control over the nature and quality of Defendants' services. Any failure, neglect or default by Defendants in providing the services to the consuming public will reflect adversely on Plaintiff as the believed source of origin thereof, hampering efforts by Plaintiff to protect its reputation, resulting in loss of sales and the considerable expenditures in time and assets to promote its trade marks and service marks, all to the irreparable injury of Plaintiff.

29. The use and threatened use of the names and marks, "STARK" and "STARK CARPET" as aforesaid by Defendants is a false designation of origin as to services made available by Defendants and a false misleading representation in violation of §43 (a) of The Lanham Act (15 USC §1125 (a)).

30. Defendants' false designation of origin will continue unless enjoined by this Court.

31. Plaintiff has no adequate remedy at law.

## COUNT III

### Injury to Reputation and Dilution of Trade Name and Trademark/Service Mark

32. Plaintiff repeats and realleges the allegations contained in ¶¶1 through and including

31 as if fully set forth at length herein.

33. This Count arises under §§368-L (Injury to Business Reputation and Dilution) and 133 (Use of Name or Address with Intent to Deceive) of the New York General Business Law.

34. Defendants' use of the names and marks "STARK" and "STARK CARPET" in connection with their services as afore-described has injured and likely will, unless enjoined by this Court, continue to cause injury to Plaintiff's business reputation and to dilute the distinctive nature of THE MARKS in violation of §§360-L and 133 of the New York General Business Law, all to Plaintiff's irreparable harm.

35. Plaintiff has no adequate remedy at law.

## COUNT IV

### Common Law Trademark/Service Mark and Trade Name Infringement

### and Unfair Competition

36. Plaintiff repeats and realleges the allegations contained in ¶¶1 through and including 35 as if fully set forth at length herein.

37. This Count arises under the common law of trademarks and unfair competition of the State of New York.

38. As described herein above, THE MARKS have gained extensive public recognition and are associated with Plaintiff's business as manufacturer, distributor and seller of luxury interior design products and, including, but not limited to, in particular, carpets, rugs and floor coverings.

39. Defendants' activities as aforesaid constitute unfair competition and an infringement of Plaintiff's common law trade names, service marks and trademark rights in THE MARKS and

all other "STARK" based names and marks owned by Plaintiff as referred to herein. Such unfair competition and infringement has caused and unless enjoined will continue to cause Plaintiff irreparable harm.

40. Defendants' infringement will continue unless enjoined by this Court.

41. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1. That the Court find that Defendants have willfully and intentionally infringed upon Plaintiff's trade name, trademarks and service marks listed herein above and containing "STARK" and "STARK CARPET"; and

2. That Defendants, their officers, directors, employees, agents, servants, affiliates and any person and/or entity claiming by, under and/or through Defendants, and all those acting in concert with Defendants and each of them, be preliminarily and permanently enjoined and enjoined and restrained from directly or indirectly:

a. infringing Plaintiff's trade name and trademarks and service marks containing "STARK" and "STARK CARPET" or any mark confusingly similar thereto by using and adopting marks containing "STARK" and/or "STARK CARPET" in connection with Defendants' business; and

b. using "STARK", "STARK CARPET" or any other name or mark confusingly similar thereto or to any other of Plaintiff's "STARK" based family of marks, along or in combination with other words, names, styles, titles or marks, in connection with the advertising, promotion, offering or performance of any services or goods related in any manner to interior design

products, including but not limited to, carpets, rugs, broadloom carpeting, floor coverings, wall coverings, furniture, fabric and/or paint; and

c. holding themselves out as the owners of, or otherwise authorized to use the names and marks containing "STARK" and "STARK CARPET" in connection with with the advertising, promotion, offering or performance of any services or goods related in any manner to interior design products, including but not limited to, carpets, rugs, broadloom carpeting, floor coverings, wall coverings, furniture, fabric and/or paint; and

d. performing any actions or using any words, names, styles, titles or marks which are likely to cause confusion, to cause mistake or to deceive, or to otherwise mislead the trade or public into believing that Plaintiff and Defendants are one and the same or are in some way connected, or that Plaintiff is a sponsor of Defendants, or that Defendants are in some manner affiliated or associated with or under the supervision or control of Plaintiff, or that the services of Defendants originate with Plaintiff, or are conducted or offered with the approval, consent, or authorization, or under the supervision of Plaintiffs, or are likely in any way to lead the trade or the public to associate Defendants with Plaintiff; and

e. using any words, names, styles, titles or marks which create a likelihood of injury to the business reputation of Plaintiff, or a likelihood of dilution of Plaintiff's names and marks, "STARK" and "STARK CARPET" or any other mark in Plaintiff's family of marks and the goodwill associated therewith; and

3. That Defendants be ordered to surrender for destruction all products, labels, brochures, advertisements, hang tags, paper and any other materials constituting a false designation of origin of Defendants' business; and

Page -11-

4. That Defendants be required to pay to Plaintiff compensatory damages for the injuries sustained by Plaintiff in consequence of the acts herein complained of and that such damages be trebled because of the willful acts described herein in disregard of Plaintiff's known rights as aforesaid; and

5. That Defendants be required to account for and pay over to Plaintiff all gains, profits and advantages derived by them from the activities herein complained of; and

6. That Defendants be required to deliver up for destruction all stationery, signs, advertisements, brochures, promotional materials and other written materials which bear the names and marks containing "STARK" and/or "STARK CARPET" or any other name confusingly similar to Plaintiff's STARK family of names and marks, and, including but not limited to "STARK CARPET & FLOORING INSTALLATIONS, CORP."; and

7. That Defendants be compelled to pay Plaintiff's attorneys' fees, together with the costs and disbursements of this action; and

8. That Plaintiff be awarded treble damages against the Defendants pursuant 15 U.S.C. §1117; and

9. That the Court award to Plaintiff interest, including pre-judgment interest, on the foregoing sums; and

10. That the Court grant such other and further relief as may be just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues.

Dated: Atlantic Beach, New York
January 9, 2012                                Respectfully submitted,

Bennett D. Krasner, Esq. (bk 8375)
Attorney for Plaintiff
1233 Beech Street #49
Atlantic Beach, New York 11509
Tel. (516) 889-9353
Facsimile: (516) 432-7016