UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
STARK CARPET CORP.,

                           Plaintiff,

- against -

STARK CARPET & FLOORING
INSTALLATIONS, CORP. and
ROXANA VALENZUELA,

                           Defendants.
-------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 20 2013 ★
BROOKLYN OFFICE

ORDER
12-cv-119 (NG)(VMS)

GERSHON, United States District Judge:

       The court has reviewed for clear error the Report and Recommendation of Magistrate Judge Vera M. Scanlon, dated and filed February 25, 2013, to which no objections have been received. Judge Scanlon has comprehensively surveyed the applicable law and applied it to the facts. The Report and Recommendation is adopted. The individual defendant Roxana Valenzuela is dismissed from the action without prejudice, and the Clerk of Court is directed to enter judgment against defendant STARK CARPET & FLOORING INSTALLATIONS, CORP., only, in the amount of $10,000 in statutory damages, without prejudgment interest, plus costs of $350.

       The Clerk of Court is further directed to enter a permanent injunction, pursuant to which Defendant STARK CARPET & FLOORING INSTALLATIONS, CORP., its officers, directors, employees, agents, servants, affiliates and any person and/or entity acting under or through

defendant, are hereby enjoined from directly or indirectly:

a) infringing plaintiff's trade name, trademarks and service marks containing the word "Stark" or words "Stark Carpet" in connection with defendant's business;

(b) using the word "Stark" or words "Stark Carpet" in connection with advertising, promotion, offering or performance of any services or good related in any manner to interior design products, including but not limited to carpets, rugs, broadloom carpeting, floor coverings, wall coverings, furniture, fabric and/or paint;

(c) holding itself out as the owners of or authorized users of names or marks containing the word "Stark" or words "Stark Carpet" in any manner related to interior design products, including but not limited to carpets, rugs, broadloom carpeting, floor coverings, wall coverings, furniture, fabric and/or paint;

(d) performing or engaging in any actions or use of the word "Stark" or words "Stark Carpet" which is likely to cause confusion or mistake or to deceive or otherwise mislead the trade or public into believing that plaintiff and defendant are one in the same or in some way connected or associated; that plaintiff is a sponsor of or otherwise controls defendant; that defendant is in any way affiliated with, controlled by, associated with or supervised by plaintiff; or that defendant's services or products originate with or are offered with the approval, consent, authorization or supervision of plaintiff; and

(e) using the word "Stark" or the words "Stark Carpet" in any way that would create a likelihood of injury to plaintiff's business reputation or a dilution of Plaintiff's names and marks and

2

the goodwill associated therewith.

                              SO ORDERED.

                              s/Nina Gershon

                              NINA GERSHON
                              United States District Judge

Dated:       Brooklyn, New York
              June __, 2013

3